UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY MIDDLEBROOK

        Plaintiff,

v.                                              Case No. 11-10612
                                                  Honorable Denise Page Hood

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., U.S. BANK, and
SCHNEIDERMAN & SHERMAN, P.C.

        Defendants.
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint [**Docket No. 30, filed July 27, 2011**] and Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment **[Docket Nos. 23, 27]**. For the reasons described below, the Court denies Plaintiff's motion to amend and grants Defendants' motion for judgment on the pleadings. The Court finds that this action must be dismissed because Plaintiff does not have standing to challenge foreclosure and his claims are barred by the doctrine of res judicata.

**II.    BACKGROUND**

    **A.    Procedural Background**

Plaintiff, Courtney Middlebrook, filed this present action *in pro se* in Wayne County Circuit Court on November 30, 2010. Plaintiff brought the following allegations: Breach of

Contract under the Real Estate Settlement Procedures Act (Count I); Violation of the Fair Debt Collection Practices Act (Count II); Slander of Title (Count III); and Money Laundering in Violation of 18 U.S.C. § 1956 (Count IV). Defendants removed the action to this Court in February 2011. Discovery closed on July 18, 2011. The deadline to file dispositive motions was July 29, 2011.

Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank National Association, filed a motion for judgment on the pleadings or, in the alternative, motion for summary judgment on June 23, 2011. Defendant, Schneiderman & Sherman, P.C., filed a motion for summary judgment and concurrence on July 27, 2011. On the same day, Plaintiff filed a motion for leave to file first amended complaint. Hearing was held on October 12, 2011.

**B.      Factual Background**

Plaintiff executed a Note and Mortgage with Mercury Financial, Inc. for the property commonly known as 28261 Parkwood, Inkster, Michigan in the amount of $86,275.00 on November 7, 2003. (Def.'s Mot. J. Pleadings, Ex. 1, Ex 2). Mercury assigned the Mortgage to MVB Mortgage Corporation. (Def.'s Mot. J. Pleadings, Ex. 3). MVB then assigned the Mortgage to MERS. (Def.'s Mot. J. Pleadings, Ex. 4). MERS then assigned the Mortgage to U.S. Bank. (Def.'s Mot. J. Pleadings, Ex. 5).

Plaintiff defaulted on his loan in 2009. (Def.'s Mot. J. Pleadings, Ex. 6). On January 11, 2010, Plaintiff alleges that he sent U.S. Bank a "qualified written response" statement. (Compl. Ex. B). U.S. Bank does not acknowledge receipt of the statement. (Def.'s Mot. J. Pleadings, Ex. 7). On July 14, 2010, the property was sold at Sheriff's Auction for $90,992.26. (Def.'s Mot. J. Pleadings, Ex. 8).

U.S. Bank filed an eviction action in 22nd District Court and judgment was entered in its favor on February 22, 2011. (Def.'s Mot. J. Pleadings, Ex. 10). Plaintiff was ordered to move out by March 21, 2011 or an eviction would result. *Id.* Plaintiff filed an appeal. (Def.'s Mot. J. Pleadings, Ex. 12).

## III.   ANALYSIS

### A.   Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. "Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). The trial court has discretion to allow an amendment. *See General Electric Co. v. Sargent & Lundy*, 916 F. 2d 1119, 1130 (6th Cir. 1990). "In evaluating the interests of justice, courts consider several factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1988). An amendment is futile if it would not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 f.3d 417, 420 (6th Cir. 2000). Where an amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier. *Wade v. Knowville Utils. Bd.,* 259 F.3d 452, 459 (6th Cir. 2001).

Plaintiff seeks to clarify his original complaint by adding new counts: fraudulent misrepresentation, negligent misrepresentation, civil RICO, and equitable relief to set aside the sheriff's sale. Plaintiff also requests the addition of two new defendants, Mercury Financial and

3

MVB Mortgage Corporation. MERS objects to the proposed amended complaint because Plaintiff did not seek concurrence in the motion, the amended complaint would cause undue prejudice to Defendants, and the proposed amendments are futile.[1]

Plaintiff did not seek to amend the Complaint until after discovery was closed and two days prior to the deadline to file dispositive motions (initially in July 2011). Plaintiff has not provided adequate justification for his delay in asking for leave to file an amended complaint. Defendants have likely already commenced "trial preparation based on the issues aired in the discovery process." *See Holland v. Metro Life Ins. Co.*, 869 F.2d 1490 (table opinion) (6th Cir. 1989). The Court finds that allowing Plaintiff to amend his complaint at this stage in litigation would unduly prejudice Defendants and the parties that Plaintiff seeks to add.

Even if Plaintiff's amendments were not prejudicial, the Court finds that they are futile. First, Plaintiff has failed to pled fraud with the requisite particularity. Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), a plaintiff's complaint must identify the allegedly fraudulent statements, the speaker, when and where the statements were made, and why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D.Ohio 1998)). "At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied." *Id.* Michigan fraud requires proof that (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew the representation was false or made the representation recklessly as a positive assertion; (4) the defendant made the statement intending that the plaintiff would rely on it; (5) the plaintiff reasonably relied on it; and

---

[1] The Court is aware that the pleadings of *pro se* litigants must be read liberally and will not deny Plaintiff's motion because he failed to seek concurrence with Defendants.

(6) the plaintiff was injured as a result. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100-1101 (6th Cir. 2010) (citing *Cummins v. Robinson Twp.,* 770 N.W.2d 421, 435 (2009)). Here, Plaintiff has not pled what false statements were made knowingly or recklessly, when they were made, who made them, or how exactly he relied on these statements. Plaintiff's fraud claim would be futile.

As to Plaintiff's negligent misrepresentation, Plaintiff's proposed claim is futile. Michigan recognizes a claim for negligent misrepresentation. Plaintiff must prove "that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 845 (E.D. Mich. 2010) (*quoting Fejedelem v. Kasco,* 711 N.W.2d 436, 437 (Mich. Ct. App. 2006)). Negligent misrepresentation requires proof that (1) the defendant made a material misrepresentation; (2) the misrepresentation was intentionally false; (3) the misrepresentation was made in connection with the contract's formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff relied on defendant's misrepresentation; (6) plaintiff suffered damages; and (7) the plaintiff's damages were to the defendant's benefit. *Id.* (*quoting Sipes v. Kinetra, LLC,* 137 F.Supp.2d 901, 910 (E.D. Mich. 2001)).

Plaintiff fails to allege what statements he relied on or how he relied on those statements. In addition, Michigan law does not recognize a duty owed from a lender to a borrower. *Farm Credit Services of Michigan's Heartland, P.C.A. v. Weldon, 5*91 N.W.2d 438, 447 (Mich. Ct. App. 1998) ("A fiduciary relationship…generally does not arise within the lender-borrower context…"); *see also Yaldu*, 700 F.Supp.2d at 846 (finding "the negligent representation count in this case fails…because a lender does not owe a duty of care to a loan applicant."). Plaintiff's negligent misrepresentation claim is futile.

5

Plaintiff's RICO claim is also futile. To maintain a RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 497 (1985). A pattern requires at least two acts of racketeering over a ten-year period. 18 U.S.C. § 1961(5). Therefore, "a plaintiff must allege that the RICO enterprise engaged in a "pattern of racketeering activity" consisting of at least two predicate acts of racketeering activity occurring within a ten-year period." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). "The alleged predicate acts may consist of offenses 'which are indictable' under any of a number of federal statutes." *Id.* The pattern must be established by evidence demonstrating "a relationship between the predicates and of threat of continuing activity." *Id.* at 724 (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 238 (1989)).

In his amended complaint, Plaintiff lists several events and allegedly improper actions leading to the foreclosure of his home. Plaintiff has not alleged sufficient facts to show that the Defendant's allegedly improper actions would continue beyond the foreclosure of Plaintiff's home. Plaintiff's RICO claim is futile.

The Court finds that undue harm would result from Plaintiff's amended complaint and that the new claims would be futile. Accordingly, the motion to amend is denied.

    **B.**    **Motion for Judgment on the Pleadings or Summary Judgment**

        1.    Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleading after close of the pleadings. The manner of review under Rule 12(c) is the same as review under Rule 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). The Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-

pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337 (6th Cir. 2007). The Court will not accept as true the plaintiff's legal conclusions or unwarranted factual inferences. *Id*.

Defendants have attached several exhibits to their motion for judgment on the pleadings. The Court may consider items attached to the defendant's motion if they are referenced in the Complaint and central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2006). The Court may consider items that "verify the complaint" and do "not rebut, challenge, or contradict anything in the plaintiffs' complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *see also Armengau v. Cline*, 7 Fed.Appx. 336, *5 (6th Cir. 2001) ("extrinsic materials [that] merely 'fill in the contours and details' of a complaint, …add nothing new and may be considered without converting the motion to one for summary judgment.") (quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)). The Court may also take note of matters to which it could take judicial notice. *Armengau*, 7 Fed.Appx. at *5. The exhibits attached—the Note, Mortgage, various Mortgage assignments, Mortgage loan history, Sheriff's deed on mortgage sale, 22nd District Court complaint and judgment, and appeal—do not rebut or challenge the Plaintiff's Complaint. Accordingly, the Court will consider the Defendants' motion as a motion for judgment on the pleadings.

      2.     Res Judicata Bars Plaintiff's Claims

Defendants argue that Plaintiff's claims are barred by res judicata. Res judicata or claim preclusion precludes the relitigation of a final judgment on the merits in a subsequent action. Res judicata is appropriate when: (1) there is a prior final decision on the merits; (2) the present action involves the same parties or their privities; (3) the present action involves an issue that

was litigated or should have been litigated in the previous action; and (4) the causes of actions are identical. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). Essentially, res judicata bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001). Identity of issues requires that the causes of action involve identical facts creating the action and evidence required to sustain it. *Westwood*, 656 F.2d 1224, 1227. A judgment on appeal is given preclusive effect. *City of Troy v. Hershberger*, 183 N.W.2d 430, 433 (Mich. Ct. App. 1970). Under Michigan law, "privity has been defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Sloan v. City of Madison Heights*, 389 N.W.2d 418, 422 (Mich. 1986) (quoting *Petersen v. Fee Int'l, Ltd.*, 435 F.Supp. 938, 942 (W.D. Okla. 1975)). A party in privity is "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase." *Id.* (quoting *Howell v. Vito's Trucking & Excavating Co*, 191 N.W.2d 313 (Mich. 1971)); *see also Bates v. Township of Van Buren*, 459 F.3d 731, 735 (6th Cir. 2006) ("To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both [1] a 'substantial identity of interests' and [2] a 'working functional relationship' in which [3] the interests of the nonparty are presented and protected by the party in the litigation").

     In February 2011, the 22nd District Court in Inkster Michigan found that U.S. Bank had a right to possession and issued an order evicting Plaintiff. This was a final judgment on the merits for the purpose of res judicata. This action involves the same parties and their privities. The

8

initial eviction action was between U.S. Bank and Plaintiff. Both parties stand before the Court in this action. MERS stands in privity to U.S. Bank. Plaintiff cannot now re-litigate this issue. The 22nd District Court decided the issue of whether Plaintiff was entitled to possession of the property. Plaintiff should have brought all his claims as to the validity of the mortgage, including all parties he could have asserted those claims against, in the initial eviction action. Also, the identity of issues is present because both actions are supported by the same facts. Res judicata applies to Plaintiff's present action against MERS, U.S. Bank and Schneiderman & Sherman P.C. Plaintiff should have brought his claims in state court. The Court will not entertain them here.

3.      Plaintiff does not have standing to challenge foreclosure

Even if res judicata was not a bar to Plaintiff's claims, Plaintiff does not have standing to challenge the mortgage foreclosure. The redemption period expired on January 14, 2011. All rights and title vested in the purchaser once the foreclosure was complete. *See* Mich. Comp. Laws 600.3236. Plaintiff "lost all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption" and cannot no longer assert the rights of those with an interest. *Piotrowski v. State Land Office Bd.*, 188, 4 N.W.2d 514, 517 (Mich. 1942); *see also Matthews v. Mortgage Electronic Registration Systesms, Inc.*, 2011 WL 2560329 (E.D. Mich. Apr. 5, 2011); *Overton v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009). Furthermore, "it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997). Plaintiff's claims do not satisfy this burden. Plaintiff did not attempt to redeem the property. His claims only address the validity of the

9

Mortgage and the foreclosure process. Plaintiff does not have standing to challenge the foreclosure now.

## IV. CONCLUSION

For the reasons state above,

**IT IS ORDERED** that the Plaintiff's Motion to Amend [**Docket No. 30, filed July 27, 2011**] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment **[Docket No. 23, filed June 30, 2011]** and **[Docket No. 27, filed July 27, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

Dated: December 30, 2011        s/Denise Page Hood
                                DENISE PAGE HOOD
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, December 30, 2011, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager